IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LEO GARCIA and MADISON GARCIA, n/k/a
MADISON BEJARANO,

Plaintiffs,

v. 1:25-cv-00836-GBW-JMR

UNITED STATES OF AMERICA,

Defendant.

**ORDER GRANTING MOTIONS FOR SURREPLIES**

THIS MATTER is before the Court on Plaintiffs' Motion for Sur Reply to Their Motion to Compel Defendant United States of America to Respond to Discovery (Doc. 103) and Plaintiffs' Motion for Sur Reply to Their Motion for Sanctions Against the United States of America (Doc. 104). The United States opposes both motions. Doc. 114, 115. Having reviewed the motions and the relevant law, the Court hereby GRANTS both motions.

In the motions, Plaintiffs request to file surreplies "for the purpose of providing the Court with citations to the deposition testimony that was referenced in Plaintiffs' reply brief but the transcripts were not available at that time." Doc. 103 at 1; Doc. 104 at 1. Defendant correctly argues that what Plaintiff requests is more akin to supplementing the reply briefing, rather than filing surreplies.[1] Doc. 114 at 1; Doc. 115 at 1. Regardless of word choice, Defendant argues that the supplementation should be denied for two reasons. First, Plaintiffs have not demonstrated

[1] Technically speaking, a surreply is "[a] movant's second supplemental response to another party's opposition to a motion." *Surreply*, BLACK'S LAW DICTIONARY (12th ed. 2024). However, in this district's local rules and its common practice, "surreply" is used to refer to what is more precisely called a surresponse, which is "[a] second response by someone who opposes a motion." *Surresponse*, BLACK'S LAW DICTIONARY (12th ed. 2024).

"exceptional circumstances" justifying a surreply. Doc. 114 at 1–2 (citing *Harrington v. Blue Sky Cap.*, LLC, No. 1:22-CV-00534-KG-LF, 2024 WL 3582250, at *1 (D.N.M. Feb. 13, 2024) ("Surreplies are typically disfavored and will be permitted only in exceptional circumstances, such as when new material is raised for the first time in the movant's reply.")); Doc. 115 at 1–2 (same). Second, it was improper for Plaintiffs to have ever cited to the depositions because Plaintiffs were inappropriately submitting new evidence for the first time in the reply briefing. Doc. 114 at 2–3 (citing *Zangara Dodge, Inc. v. Curry*, No. CV 07-1305 MCA/ACT, 2009 WL 10696452, at *1 (D.N.M. Mar. 3, 2009) ("It is improper to raise new arguments or submit new evidence for the first time in a reply brief.")); Doc. 115 at 1–3 (same). Defendant explains that the subject depositions did not occur until after Plaintiff's original motions were filed, therefore, the new information should not be considered.

The Court will exercise its discretion by allowing Plaintiffs to supplement their briefing. *Geddes v. United Staffing All. Emp. Med. Plan*, 469 F.3d 919, 928 (10th Cir. 2006) ("Whether to allow supplemental briefing on a newly-raised issue is a 'supervision of litigation' question we review for abuse of discretion.") (citation omitted). While Defendant argues that the reply briefing introduced new arguments, the proposed supplemental briefing itself does not. In general, this Court prefers to make its decision based on the most complete information available. That said, Defendant's point that the facts from the subject depositions were improperly raised for the first time in the reply briefing, if true, is well-taken. *See Zangara Dodge, Inc.*, 2009 WL 10696452, at *1. The Court will take Defendant's argument under consideration and will decide whether to consider the allegedly new information, when it ultimately considers Plaintiffs' Motion to Compel Defendant United States of America to

Respond to Discovery (Doc. 89) and Motion for Sanctions Against the United States of America (Doc. 93), respectively.

Plaintiffs' two motions for surreplies are hereby GRANTED. Plaintiffs' supplemental briefing is due **November 23, 2026**.

JENNIFER M. ROZZONI
United States Magistrate Judge